```
                                                    -8 JAN 03 PM 2: 00

                                                    DISTRICT OF UTAH
C. RICHARD HENRIKSEN, JR., #1466                    BY:_____
JAMES E. SEAMAN, #8750                                  DEPUTY CLERK
AARON W. FLATER #9458
HENRIKSEN & HENRIKSEN, P.C.
```

Attorneys for **Defendants PURE, Inc., PURE Foundation, Inc. and Sue Scheff**
320 South 500 East
Salt Lake City, Utah 84102
Telephone: (801) 521-4145
Facsimile:  (801) 355-0246

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| World Wide Association of Specialty Programs, a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PURE, Inc., PURE Foundation, Inc. Sue Scheff, Jeff Berryman, Barbe Stamp, Donna Hedrick and Does I through 10,<br><br>Defendants. | **ANSWER OF DEFENDANTS PURE, INC., PURE FOUNDATION, INC. AND SUE SCHEFF TO FIRST AMENDED COMPLAINT**<br><br><br><br>Case Number:2:02-cv-00010<br>Judge Paul G. Cassell |

COME NOW the Defendants, PURE, Inc., PURE Foundation, Inc. and Sue Scheff, by and through counsel and hereby answer the allegations set forth in World Wide Association of Specialty Programs' First Amended Complaint.

### **FIRST DEFENSE**



The Plaintiff, World Wide Association of Specialty Programs ("WWASP") fails to state a cause of action upon which relief may be granted.

## SECOND DEFENSE

PURE, Inc. and PURE Foundation, Inc., ( jointly "PURE") and Sue Scheff (collectively "Defendants") answer the specific allegations set forth in the numbered paragraphs of WWASP's First Amended Complaint as follows:

1.  The Defendants admit the allegations set forth in paragraph 1 of the Plaintiff's First Amended Complaint upon information and belief.

2.  The Defendants admit the allegations set forth in paragraph 2 of the Plaintiff's First Amended Complaint upon information and belief.

3.  The Defendants admit the allegations set forth in paragraph 3 of the Plaintiff's First Amended Complaint upon information and belief.

4.  The Defendants admit that Parents Universal Resource Experts, Inc. is a corporation licensed under the laws of the State of Florida with its principal place of business in Broward County Florida. The Defendant denies all other allegations set forth in paragraph 4 of the Plaintiff's First Amended Complaint.

5.  The Defendants admit that the Defendant, Sue Scheff is a shareholder and President of Parents Universal Resource Experts, Inc. The Defendants deny all other allegations  forth in paragraph 5 of the Plaintiff's First Amended Complaint.

6.  Upon information and belief the Defendants admit the allegations contained in paragraph 6 of the Plaintiff's First Amended Complaint.

7.  Upon information and belief, the Defendants admit the allegations contained in paragraph 7 of the Plaintiff's First Amended Complaint.

8.  The Defendants deny all of the allegations set forth in paragraph 8 of the Plaintiff's First Amended Complaint.

9.  The Defendants deny all of the allegations set forth in paragraph 9 of the Plaintiff's First Amended Complaint.

10. The Defendants admit that in responding and answering this First Amended Complaint they do so only on behalf of the Defendants PURE and Sue Scheff. The Defendants deny the remaining allegations set forth in paragraph 10 of the Plaintiff's First Amended Complaint.

11. Paragraph 11 of the Plaintiff's First Amended Complaint contains a legal conclusion, for which no response is required.  To the extent that a response is required, the Defendants deny the allegations contained in paragraph 11 of the Plaintiff's First Amended Complaint

12. The Defendants deny the allegations set forth in paragraph 12 of the Plaintiff's First Amended Complaint.

13. Paragraph 13 of the Plaintiff's First Amended Complaint contains a legal conclusion, for which no response is required.  To the extent that a response is

required, the Defendants deny the allegations contained in paragraph 13 of the Plaintiff's First Amended Complaint

14. The Defendants deny the allegations set forth in paragraph 14 of the Plaintiff's First Amended Complaint.

15. The Defendants deny the allegations set forth in paragraph 15 of the Plaintiff's First Amended Complaint.

16. The Defendants deny the allegations set forth in paragraph 16 of the Plaintiff's First Amended Complaint.

17. The Defendants deny the allegations set forth in paragraph 17 of the Plaintiff's First Amended Complaint.

18. The Defendants admit the allegations set forth in paragraph 18 of the Plaintiff's First Amended Complaint.

19. The Defendants admit that Sue Scheff was initially pleased and wrote some favorable letters. The Defendants deny the remaining allegations set forth in paragraph 19 of the Plaintiff's First Amended Complaint.

20. The Defendants admit that Sue Scheff started PURE, Inc. in January 2001 and The Defendants deny the remaining allegations set forth in paragraph 20 of the Plaintiff's First Amended Complaint.

21. The Defendants deny the allegations set forth in paragraph 21 of the Plaintiff's First Amended Complaint.

22. The Defendants admit the allegations set forth in paragraph 22 of the Plaintiff's First Amended Complaint.

23. The Defendants admit that Sue Scheff has posted information on the websites www.helpyourteens.com and www.strugglingteens.com. The Defendants deny the remaining allegations set forth in paragraph 23 of the Plaintiff's First Amended Complaint.

24. The Defendants admit that the Defendant, Sue Scheff, used the names of Laura, Deb C., Tracy Britney Reese, Sue, Hilda and Mark DW as pseudonyms when posting on the internet. The Defendants deny the remaining allegations set forth in paragraph 24 of the Plaintiff's First Amended Complaint.

25. The Defendants admit that they had knowledge that WWASP had offices in St. George, Utah. The Defendants deny the remaining allegations set forth in paragraph 25 of the Plaintiff's First Amended Complaint.

26. The Defendants deny the allegations set forth in paragraph 26 of the Plaintiff's First Amended Complaint.

27. The Defendants deny the allegations set forth in paragraph 27 of the Plaintiff's First Amended Complaint.

28. The Defendants admit that they operate an internet site at www.helpyourteens.com. The Defendants deny the remaining allegations set forth in paragraph 28 of the Plaintiff's First Amended Complaint.

29. The Defendants deny the allegations set forth in paragraph 29 of the Plaintiff's First Amended Complaint.

30. The Defendants incorporate their responses to paragraphs 1-29 above.

31. The Defendants admit the allegations set forth in paragraph 31 of the Plaintiff's First Amended Complaint based upon information and belief.

32. The Defendants admit that they refer parents to programs for children. The Defendants deny all other allegations set forth in paragraph 32 of the Plaintiff's First Amended Complaint.

33. The Defendants deny the allegations set forth in paragraph 33 of the Plaintiff's First Amended Complaint.

34. The Defendants deny the allegations set forth in paragraph 34 of the Plaintiff's First Amended Complaint.

35. The Defendants deny the allegations set forth in paragraph 35 of the Plaintiff's First Amended Complaint.

36. The Defendants deny the allegations contained in paragraph 36 of the Plaintiff's First Amended Complaint.

37. The Defendants deny the allegations contained in paragraph 37 of the Plaintiff's First Amended Complaint.

38. The Defendants deny the allegations contained in paragraph 38 of the Plaintiff's First Amended Complaint.

39.     The Defendants incorporate their responses of paragraphs 1-38 above.

40.     The Defendants deny the allegations set forth in paragraph 40 of the Plaintiff's First Amended Complaint.

41.     The Defendants deny the allegations contained in paragraph 41 of the Plaintiff's First Amended Complaint.

42.     The Defendants deny the allegations set forth in paragraph 42 of the Plaintiff's First Amended Complaint.

43.     The Defendants deny the allegations contained in paragraph 43 of the Plaintiff's First Amended Complaint.

44.     The Defendants deny the allegations contained in paragraph 44 of the Plaintiff's First Amended Complaint.

45.     The Defendants deny the allegations set forth in paragraph 45 of the Plaintiff's First Amended Complaint.

46.     The Defendants deny the allegations set forth in paragraph 46 of the Plaintiff's First Amended Complaint.

47.     The Defendants incorporate their responses of paragraphs 1-46 above.

48.     The Defendants deny the allegations contained in paragraph 48 of the Plaintiff's First Amended Complaint.

49.     The Defendants deny the allegations contained in paragraph 49 of the Plaintiff's First Amended Complaint.

50. The Defendants admit that an individual using a pseudonym of Mark DW posted a statement in the struggling teens interactive forum with the topic of "absolute disgust." The Defendants admit that Mark claimed to be in his office in New York. The Defendants also admit that Mark gave a description of a boy that had come from a facility named "High Impact." The Defendants deny the remaining allegations contained in paragraph 50 of the Plaintiff's First Amended Complaint.

51. The Defendants admit that within an hour of each other three (3) posts were made in the names of Deb C., Laura and Tracey Britney Reese responding to Mark's statements. The Defendants deny the remaining allegations contained in paragraph 51 of the Plaintiff's First Amended Complaint.

52. The Defendants admit the allegations contained in paragraph 52 of the Plaintiff's First Amended Complaint.

53. The Defendants are without sufficient information to admit or deny the allegations in paragraph 53 and therefore deny the same.

54. The Defendants admit the allegations contained in paragraph 54 of the Plaintiff's First Amended Complaint.

55. The Defendants deny the allegations contained in paragraph 55 of the Plaintiff's First Amended Complaint.

56. The Defendants deny the allegations contained in paragraph 56 of the Plaintiff's First Amended Complaint.

57. The Defendants deny the allegations contained in paragraph 57 of the Plaintiff's First Amended Complaint.

58. The Defendants incorporate their responses to paragraphs 1-57 above.

59. The Defendants deny the allegations contained in paragraph 59 of the Plaintiff's First Amended Complaint.

60. The Defendants deny the allegations contained in paragraph 60 of the Plaintiff's First Amended Complaint.

61. The Defendants deny the allegations contained in paragraph 61 of the Plaintiff's First Amended Complaint.

62. The Defendants deny the allegations contained in paragraph 62 of the Plaintiff's First Amended Complaint.

63. The Defendants deny the allegations set forth in paragraph 63 of the Plaintiff's First Amended Complaint.

64. The Defendants deny the allegations set forth in paragraph 64 of the Plaintiff's First Amended Complaint.

65. The Defendants deny the allegations set forth in paragraph 65 of the Plaintiff's First Amended Complaint.

66. The Defendants deny the allegations set forth in paragraph 66 of the Plaintiff's First Amended Complaint.

67. The Defendants deny the allegations set forth in paragraph 67 of the Plaintiff's First Amended Complaint.

68. The Defendants deny the allegations set forth in paragraph 68 of the Plaintiff's First Amended Complaint.

69. The Defendants deny the allegations set forth in paragraph 69 of the Plaintiff's First Amended Complaint.

70. The Defendants incorporate their responses to paragraphs 1-69 above.

71. The Defendants deny the allegations contained in paragraph 71 of the Plaintiff's First Amended Complaint.

72. The Defendants deny the allegations contained in paragraph 72 of the Plaintiff's First Amended Complaint.

73. The Defendants deny the allegations set forth in paragraph 73 of the Plaintiff's First Amended Complaint.

74. The Defendants incorporate their responses to paragraphs 1-73 above.

75. The Defendants deny the allegations contained in paragraph 75 of the Plaintiff's First Amended Complaint.

76. The Defendants deny the allegations contained in paragraph 76 of the Plaintiff's First Amended Complaint.

77. The Defendants deny the allegations contained in paragraph 77 of the Plaintiff's First Amended Complaint.

### THIRD DEFENSE

The Defendants asset as an affirmative defense that this court does not have subject matter jurisdiction under either 28 USC §1331 or §1332.

### FOURTH DEFENSE

The Defendants assert as an affirmative defense that this court does not have personal jurisdiction over the Defendants.

### FIFTH DEFENSE

The Defendants assert the truth of their statements as an affirmative defense.

### SIXTH DEFENSE

The Defendants assert as an affirmative defense that their actions and statements were done without malice and/or negligence and that they reasonably relied upon information obtained from other sources.

### SEVENTH DEFENSE

The Defendants assert that the Plaintiff's claims against the Defendants are barred by the doctrines of latches, waiver, unclean hands and estoppel.

### EIGHTH DEFENSE

The Defendants assert as an affirmative defense that WWASP's claims are barred due to WWASP's failure to mitigate its damages.

### NINTH DEFENSE

The Defendants assert that any damages or injury to WWASP are the result of intervening and/or superceeding causes for which the Defendants can not be held liable.

## TENTH DEFENSE

The Defendants affirmatively assert as a defense that there are other parties responsible for the injuries and damages to the Plaintiff and that any damages to WWASP must be appropriately apportioned to those parties.

## ELEVENTH DEFENSE

The Defendants affirmatively assert that the Plaintiff's claims are barred by the applicable statute of limitations.

## TWELFTH DEFENSE

The Defendants reserve the right to assert any additional defenses during the course of this litigation that the Defendants become aware of as a result of discovery or trial preparation.

DATED this ___ day of January, 2003.

C. Richard Henriksen, Jr.
James E. Seaman
Aaron W. Flater
Attorneys for Defendants
PURE, Inc., PURE Foundation, Inc.
and Sue Scheff

## CERTIFICATE OF MAILING

I hereby certify that on this ___8___ day of January, 2003, a true and correct copy of the foregoing **DEFENDANTS PURE, INC., PURE FOUNDATION, INC. AND SUE SCHEFF ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** was mailed, postage prepaid, to the following:

> Fred R. Silvester
> Dennis J. Conroy
> Spencer Siebers
> SILVESTER & CONROY, L.C.
> Attorneys for Plaintiff
> 230 South 500 East, Suite 590
> Salt Lake City, Utah 84102

*/s/ Aaron Filate*